

United States Courts
Southern District of Texas
ENTERED

DEC 1 2004

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAREBEAR LTD, § | | |
| Plaintiff § | CIVIL ACTION NO. H-04-2558 | |
| § | | |
| v. § | ADVERSARY NO. 03-3957 | |
| § | | |
| MANN, FRANKFORT, STEIN & LIPP, § | | |
| et al § | | |
| Defendants § | | |

## ORDER FOR REMAND

### I.

Pending before the Court are six civil actions that were removed from various state courts to the bankruptcy court. These cases were given adversary proceeding numbers, which numbers are paired with the civil action numbers and were jointly administered under bankruptcy case no. 01-40836-H2-11 until the reference was withdrawn. The plaintiffs have filed motions to remand their cases to the state courts from which they were removed. Before the Court are the plaintiffs' motions and the defendants' responses. After reviewing the motions and responses and receiving the arguments of the attorneys, the Court concludes that the motions to remand should be granted in part.

## II.

The plaintiffs are investors and commenced these suits against accountants, attorneys, advisors, and other professionals for negligence, malpractice, breach of fiduciary duty, securities violations of multiple sorts under the Texas Blue Sky laws and a series of common law claims under theories of fraud. The plaintiffs are investors who invested in programs offered by Premiere Holdings of Texas L.P., and its various assumed names. The plaintiffs assert that Premiere and certain related entities and professionals engaged in a fraudulent Ponzi scheme that resulted in substantial financial losses to themselves. On October 2, 2001, Premiere and certain related entities filed for bankruptcy. The bankruptcy court entered its order confirming a plan and appointed Joseph Hill as the Liquidating Tort Trustee of the consolidated bankruptcy estate. He commenced a civil suit against investors [also plaintiffs] for the return of certain disbursements made by Premiere or its related entities shortly before Premiere filed for bankruptcy. He also seeks recovery from various professionals that provided services to Premiere. Shortly thereafter, the removed civil suits began to be filed in state courts and in multiple counties by the plaintiffs. At issue in the removed cases is the propriety of removal by the defendants. The civil actions under consideration are:

a) Civil Action No. 04-2556, *James and Linda McIngvale et al vs. Mann, Frankfort, Stein & Lipp Advisors, Inc., et al,* 334th Judicial District Court, Harris County, Texas [Adversary No. 03-3959];

b) Civil Action No. 04-2557, *Helene Atlas et al vs. Mann, Frankfort, Stein & Lipp Advisors, Inc., et al,* 129th Judicial District Court, Harris County, Texas [Adversary No. 03-03958];

c) Civil Action No. 04-2558, *Carebear LTD v. Mann, Frankfort, Stein & Lipp Advisors, Inc., et al,* 165th Judicial District Court, Harris County, Texas [Adversary No. 03-03957];

2

d)   Civil Action No. 04-2559, *Milton Kuba, et al vs. Andrews & Kurth, LLP, et al*, 157th Judicial District Court, Harris County, Texas [Adversary No. 03-03896];

e)   Civil Action No. 04-2561[1] *Douglass Bacon, et al v. Mann, Frankfort, Stein & Lipp, Advisors, Inc., et al*, 240th Judicial District Court, Fort Bend County, Texas [Adversary No. 03-03893]; and,

f)   Civil Action No. 04-2562, *Mitchell J. Buchman, et al vs. Mann, Frankfort, Stein & Lipp Advisors, Inc., et al*, 189th Judicial District Court, Harris County, Texas [Adversary No. 03-04054].

The removed cases raise identical bases for remand. The plaintiffs contend that: (a) the notice of removal was untimely; (b) the removals were improperly removed to the bankruptcy court as opposed to federal district courts; (c) the federal district court lacks subject matter jurisdiction; and, (d) remand is appropriate under the doctrines of discretionary abstention and equitable remand. Because the cases must be remanded on a statutory basis, the Court will not address each and every argument for remand.

### III.

Removal is an independent basis for invoking federal jurisdiction. However, a federal court must have original, exclusive or concurrent jurisdiction in order to retain the case. Title 28 U.S.C. § 1331 provides original jurisdictional basis for a federal court to hear and decide a case where the action arises under the federal Constitution, laws or treaties of the United States. Therefore jurisdiction may be exercised over cases pending in state court but purely on a statutory bases. 14A *Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure* § 3721 (1985).

---

[1]This case is a consolidated case out of Fort Bend Country composed of: *Edward and Marie Cepiel et al vs. Mann, Frankfort, Stein & Lipp Advisors, Inc., et al*, 56th Judicial District Court, Galveston County, Texas; *Curtis and Lois Franz, et al vs. Mann, Frankfort, Stein & Lipp Advisors, Inc., et al*, 239th Judicial District Court, Brazoria County, Texas. These cases were combined with a Fort Bend County case prior to removal.

In the case at bar, the defendants' bases for removal does not lie in federal question or diversity jurisdiction, but under 28 U.S.C. § 1334(b) that confers jurisdiction on a federal district court for cases "arising under Title 11, or arising in or related to cases under Title 11 of the Bankruptcy Code. In this regard, the defendants argue that the removed cases are "related to" the pending bankruptcy case in that "the outcome of [the removed cases] could conceivably have [an] effect on the estate being administered in bankruptcy."

The litigation history shows that Premiere filed for bankruptcy on October 1, 2001 and June 18, 2002, the bankruptcy court had entered a confirmation order that enjoined all suits that might affect the property rights of the bankruptcy estate. A year later, May 29, 2003, the Tort Trustee filed an adversary proceeding against a number of professional defendants, including Mann Frankfort. There is no evidence that the bankruptcy court lifted its June 18, injunction.

The plaintiffs commenced suits on or about June 30, 2003, against most if not the identical professional defendants as the Tort Trustee. Hence, the defendants knew as early as May, 2003, that adversary proceeding had been commenced by the Tort Trustee against them. The defendants also became aware that investors were commencing suits against them. Hence, by June 30, the defendants were fully aware that the investors' claims were like or similar to the claims that had been made by the Tort Trustee in his adversary proceeding. Nevertheless, removal was not sought for over three months.

It is undisputed that the defendants failed to seek removal in accordance with 28 U.S.C. § 1446(b). Section 1446(b) requires that removal be effected within 30 days after receipt of notice of a suit. The defendants argue that they should not be held to that strict standard because the plaintiffs

4

presented their claims as state law claims, therefore, it was not apparent that removal was proper until the defendants learned that the claims "related to" the bankruptcy claims.

The Court rejects this argument because it is apparent in the record and by the conduct of the defendants that the defendants knew that the plaintiffs' suits were seeking damages from the same professionals as the Tort Trustee and on essentially the same basis–fraud. The Court, therefore, concludes that removal was untimely.

The Court also rejects the defendants' arguments that removal of a case from state court to a bankruptcy court is the same as removal to a district court. While all bankruptcy proceedings are referred to the bankruptcy courts, all suits that might tangentially relate to a bankruptcy proceedings are not referred. Federal Rules of Bankruptcy Procedure, Rule 9027(a) coupled with 28 U.S.C. § 1446(a), speak to this issue. Both require that cases removed from a state court be removed to a federal district court and when appropriate *referred* to a bankruptcy court. The rule and statute envision a determination by the Article III judge that the suit is sufficiently related to require either referral to the bankruptcy court, the withdrawal of the referenced bankruptcy or remand to the state court. Hence, the argument that a bankruptcy court is a unit of the district court for removal purposes would also permit the removal of civil cases to magistrate court. They too are units of the district court. In both bankruptcy and magistrate courts, authority is limited by statute, by orders of the district court and by agreement of the parties. And, the district court does not have the authority to change the rule, even for its convenience. Therefore, the Court holds that the cases were improperly removed because they were not removed to a federal court that has original or concurrent jurisdiction with state courts.

5

Finally, it is clear from the pleadings that the Court lacks subject matter jurisdiction over the plaintiffs' claims. It is undisputed that the claims asserted by the plaintiffs against the defendants are based on state statutes and common law. Hence, there is no federal question jurisdiction. Nevertheless, the defendants argue "related to" jurisdiction. However, the Court is of the opinion that the causes of action that are peculiar to the plaintiffs are not "related to" the bankruptcy estate. The fact that the estate may desire to manage the litigation may be honorable, but violates the plaintiffs' substantial right to litigate their private suits. Hence, the causes of actions of the separate plaintiffs are not causes of action that belong to the debtor's estate and, it cannot be argued that the suits would diminish or have an adverse effect on the bankruptcy estate. After all, the estate belongs to the investors just as their private suits.

Here then is the solution: (a) To the extent that the state court claims seek to litigate claims or causes of action raised by the Liquidating Tort Trustee those claims are STAYED, and the Court directs the plaintiffs to dismiss any such claims; (b) To the extent that the state court claims seek to recover damages duplicative of those sought by the Liquidating Tort Trustee, those claims are STAYED, and the Court directs the plaintiffs to dismiss any such claims; and, (c) To the extent that the state court claims seek to recover damages against Mann Frankfort that arise for accounting, auditing or other services performed by Mann Frankfort for the benefit of the Premiere entities, they are STAYED, and the Court directs the plaintiffs to dismiss any such claims. The result of this is that causes of action that are the personal property of the individual plaintiffs and, thereby, not the property of the bankrupt estate, are subject to remand.

## IV.

For the reasons stated herein and others unspoken, the Court holds that this case should be and it is HEREBY REMANDED to the 165th Judicial District Court of Harris County, Texas, pursuant to 28 U.S.C. § 1447(c).

It is so Ordered.

Signed this 30th day of November, 2004

---
Kenneth M. Hoyt
United States District Judge